ASAHEL GILBERT & wife *vs.* CITY OF ROXBURY.

For an injury resulting from the fall of a traveller occasioned by slipping on ice upon a sidewalk, the town is not liable under the Gen. Sts. *c.* 44, § 22, if there is no evidence that the injury was received through some danger or defect which would not have existed if the sidewalk and the ice had been perfectly level.

TORT under the Gen. Sts. *c.* 44, § 22, for injuries sustained by Mrs. Gilbert from falling in a highway which the defendants admitted that they were bound to keep in repair.

At the trial in the superior court, the plaintiffs' evidence tended to show that the facts were as follows: On January 30, 1867, Mrs. Gilbert turned from St. James Street into Shawmut Avenue, a much frequented highway in Roxbury, and was walking along the sidewalk in the avenue, when she slipped on ice which had formed there, and fell, and was injured. The sidewalk was a graded walk of earth, between five and six feet wide, bounded towards the carriageway by a curbstone, and " generally level, though lower than the curbstone on the outside by some three or four inches, and with some slight depressions on parts of the surface, in which depressions and on the surface water at times stood after rains, and sometimes, after heavy rains, extended in places over two thirds of the width of the sidewalk." Snow had fallen on January 17, and again during the week following, which was not removed from the sidewalk, but trodden down there by travellers in a path from two and a half to three feet wide along the middle of the walk, and marked by occasional footprints outside of this path. On January 25 there was a

heavy rain, which was followed by continuous freezing weather to the time of the accident. This rain washed all the loose snow off from the sidewalk, or caused it to settle, so that in the cold weather following the walk was covered with solid ice; and it was described by the witnesses " as being at the time of the accident rough from the footprints of travellers throughout, but more especially along the middle, and as forming what the witnesses variously called ' a ridge ' or a ' rounding up,' from the sides of the walk along the middle part of it, for some distance, from three inches, or the length of the finger, to five inches at the centre part, higher than at the edge, and sloping off towards the edge." The morning of the day of the accident " was pretty cold," and " there was a great body of ice and snow all around, and it was slippery everywhere in the vicinity." Mrs. Gilbert testified " that there was nothing which caused her to fall but the slipperiness of the ice; that she did not think the depression in the sidewalk had anything to do with the rounding of the ice on the walk at the time she fell; that she did not strike her foot against anything, but that, after proceeding three or four feet along the avenue from the corner, and while walking along near the centre of the walk, as described, she stopped, thinking she would turn to go into the street; lifted her foot for the purpose of so doing; and at the moment the other foot slipped from under her, and she fell, striking her shoulder and back."

On this evidence the judge directed a verdict for the defendants, which was returned; and the plaintiffs alleged exceptions.

*S. E. D. Currier*, for the plaintiffs.

*J. W. May*, for the defendants.

GRAY, J. The circumstances under which ice may be considered a defect in the highway have been discussed in many recent cases. *Stone* v. *Hubbardston, ante,* 57, and cases cited. But the only one to which we need now particularly refer is that of *Hutchins* v. *Boston.* At the first argument of that case the court held that the mere fact that an ordinary sidewalk was slippery with ice was not sufficient to prove a defect in the highway. 12 Allen, 571, note. When the case came before

the full court a second time, it was decided that, if the ice
was not only smooth and slippery, but had remained for some
time, and by snow rain, hail and frost, and the dropping of
water from the eaves, had been made of such a rounded and
uneven shape that a person could not walk over it, using due
care, without being in danger of falling down, a jury would be
warranted in finding that it was a defect in the highway. 97
Mass. 272, note. This case cannot be distinguished from that
as first presented to the court. The bill of exceptions shows
that there was proof that it was slippery everywhere in the
vicinity; the person injured herself testified that there was noth-
ing which caused her fall but the slipperiness of the ice, and that
she did not think that the shape of the sidewalk had anything
to do with the rounding of the ice on the walk at the time and
place at which she fell; and no evidence whatever was intro-
duced that there was any danger or defect which would not
have existed if the sidewalk and the ice had been perfectly level.
The jury were therefore rightly instructed that the city was not
liable. *Exceptions overruled*