William Smyth and Wife vs. City of Bangor.

Penobscot. Opinion May 24, 1881.

*Ways — when defective — notice of. Stat. 1877, c. 206. Evidence.*

Mere slipperiness of a highway, or sidewalk, caused by either ice or snow, is not a defect for which towns and cities are liable.

The twenty-four hours actual notice to some one of the municipal officers, or highway surveyors, or road commissioners, required by stat. 1877, c. 206, must be a notice of the identical defect which caused the injury. Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient.

Notice of a defect in a way cannot be proved by the admission of a town or city officer; though the declarations of such an officer, which accompanies his official acts, and tend to explain them, are admissible.

ON EXCEPTIONS AND MOTION TO SET ASIDE THE VERDICT.

An action to recover for personal injuries received by Mrs. Smyth, by a fall, in the evening of December 9, 1878, alleged to have been caused by a defective way which the city was by law obliged to keep in repair.

Writ dated February 7, 1879. Plea, general issue. Verdict, $3800.

The facts material to the questions considered by the court are stated in the opinion.

*J. Varney,* for the plaintiffs. Upon the questions discussed in the opinion : The plaintiffs never contended that anything less than actual notice of the defect was sufficient. Their position is that the walk had been visibly, notoriously, and scandalously bad ; that it was located where the street commissioner passed several times every day, and must have seen it, and his statements in the conversation with Mr. Smyth, as testified to by Mr. Smyth, had a direct tendency to show actual notice. It was admitted for that purpose and was admissible for that purpose.

It was a defect caused by the negligence of the city. The culvert designed to carry the water across under the surface of the walk had been stopped up, and no effort was made by the city to prevent its flowing over and upon the walk where it froze

and became dangerous.   *Stanton* v. *Springfield*, 12 Allen, 569 ; 104 Mass. 83.

*J. F. Rawson*, also for plaintiffs.

*T. W. Vose*, city solicitor, for the defendants, cited: *Tripp* v. *Lyman*, 37 Maine, 252 ; *Stone* v. *Hubbardston*, 100 Mass. 56 ; stat. 1877, c.  206; *Porter* v. *Sevey*, 43 Maine, 529 ; *Curtis* v. *Mundy*, 3 Met. 405 ; *Perkins* v. *Fayette*, 68 Maine, 152.

WALTON, J.   This is an action to recover damages for an injury claimed to have been received through a defect in one of the sidewalks in the city of Bangor.   The plaintiff (Mrs. Smyth) says that on the evening of the ninth of December, 1878, as she was walking upon the sidewalk in Court street, she slipped and fell, and was thereby injured.   For this injury she has recovered a verdict against the city of thirty-eight hundred dollars.   The question is whether, upon the evidence reported, the verdict can be sustained.   We think it cannot.   The evidence fails to disclose any other defect than slipperiness.   Water which had oozed out of the adjoining bank, and the flow of which may have been increased by the drainage from a privy and a sink-spout, had run across the sidewalk and frozen, forming a spot of ice some six or eight feet long and the width of the sidewalk ; and the witnesses estimate its thickness from one to three inches.   It was in no respect an obstacle to travel except that it made the sidewalk at that place slippery.   And we regard it as now well settled that mere slipperiness, caused by either ice or snow, is not a defect for which a town or city is liable.

In this cold climate, where ice and snow cover the whole face of the earth for a considerable portion of the year, such an inconvenience ought not, and rightfully can not, be regarded as a defect.   No amount of diligence can keep our streets and sidewalks at all times free from ice and snow ; and the latter, when trodden smooth and hard, is nearly, and sometimes quite, as slippery as ice ; and travelers will often slip and fall when no one is to blame.   To hold towns and cities responsible for such accidents would practically make insurance companies of them.   A

block of ice may constitute a defect the same as a block of wood or stone. So a ridge or hummock of ice, or snow, may constitute a defect the same as a pile of lime, or sand, or mortar, upon the sidewalk would. But we regard it as now well settled that mere slipperiness of the surface of a highway or sidewalk, caused by either ice or snow, is not a defect for which towns and cities are liable. *Gilbert and wife* v. *City of Roxbury*, 100 Mass. 185, although a much stronger case for the plaintiffs, was very similar to the one now under consideration; and yet the presiding judge directed a verdict for the defendants, and the law court sustained the direction. In that case, as in this, the sidewalk was constructed of earth, and was some three or four inches lower upon one side than the curbstone upon the other, and the ice had formed a ridge in the middle of the walk from three to five inches higher than at the edge, and sloping off towards the edge; and yet, being satisfied that there was nothing which caused the female plaintiff to fall but the slipperiness of the ice, the court held that the direction to the jury to return a verdict for the defendants was correct. In this case, we are satisfied that the fall of the female plaintiff was caused by nothing but the slippery condition of the sidewalk on which she was traveling. True, the sidewalk was a little higher upon the outside than upon the inside, but not more so than sidewalks are often purposely constructed in order to turn the water, and, in fact, must be, when they are constructed wholly of earth, and there is a gutter between the sidewalk and the street. The spot of ice on which the plaintiff slipped was nearly smooth, and almost as level as the sidewalk itself. There is no pretense that it formed a ridge or hummock upon the sidewalk. Some of the plaintiffs' witnesses say that as the water run across the walk and froze it formed little ridges or waves; that the surface of the ice was a little wavy; but no one pretends that it had assumed a form or shape that would have been dangerous to travelers if it had not been slippery. The evidence leaves no doubt in our minds that it was the slippery condition of the sidewalk alone that caused the plaintiffs' injury; and for an injury thus caused, we hold the defendants are not liable.

And we think the verdict is clearly against the weight of evidence upon another point.

Since the passage of the act of 1877, c. 206, no recovery can be had against a town or city for an injury received through a defect in one of its highways, unless some one of its municipal officers, or highway surveyors, or road commissioners, had twenty four hours actual notice of the defect. And the notice must be of the defect itself, of the identical defect which caused the injury. Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient. The notice must be of the identical defect which caused the injury. "It is not enough," said Mr. Justice GRAY, in *Ryerson* v. *Abington*, 102 Mass. 526–532, "that another defect in the highway, which was the cause of the defect which immediately caused the injury sued for, had existed for more than twenty four hours, or been known to the town." And in *Billings* v. *Worcester*, 102 Mass. 329, the court held that "notice to a town or city, of a cause outside of the way, which may produce a defect in the way, is no notice of the defect itself, if produced." We therefore repeat that the notice required by the statute is notice of the defect which caused the injury; that notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient.

Nor can notice of the defect be proved by the admissions of a town or city officer. It was at one time held in England that the declarations of a taxable inhabitant of a municipal corporation, such inhabitant not being a competent witness on account of interest, were admissible in evidence against such municipality. But such has never been held to be the law in this State. It was expressly repudiated in *Corinna* v. *Exeter*, 13 Maine, 321. It was there held that the interests of towns would be seriously jeopardized if they were liable to be affected by the mere declarations of their inhabitants; that the purposes of justice do not require the admission of such evidence, since the inhabitants of towns are now made competent witnesses by statute, notwithstanding their towns may be interested in the result of the suit. The declarations of town officers which accompany their official acts, and tend to explain them, are admissible; but their narrations of past transactions, or their statements in relation to pre-existing facts, are not admissible. Such, we think, is now the

universally recognized rule in this country. It certainly is in this State.

In the case now under consideration, the report shows, and the plaintiffs' counsel admit that, to prove notice of the alleged defect, evidence was introduced of a conversation between Wingate, the street commissioner, and Smyth, the husband of the woman that was injured. Smyth testified that several days after the accident to his wife, he had a conversation with Wingate, in which the latter stated "that the water run across the sidewalk from the bank, and all the water used in the house run across the sidewalk, and made ice, and it had been a bad place for several years." Wingate denies that he made this statement. It is not necessary, however, to determine which is the more credible witness; for, if Wingate made the statement, precisely as testified to by Smyth, it was not competent evidence to prove notice of the defect. Wingate being a witness in the case, his declarations could be used to contradict him, and thus impair his credibility; but they could not be used to prove the existence of the facts stated by him. And yet, without these declarations, there is no evidence whatever to prove notice to Wingate, unless it be the fact that he had occasion to pass often in the vicinity of the place where the spot of ice was formed, and therefore had an opportunity to see it, if his attention had been called to it. But there is no evidence that he did see it. On the contrary, he swears directly and positively that he did not see it, and had no knowledge of its existence till after the accident to Mrs. Smyth had happened. And, surely, a spot of ice, in this climate, in December, is not so uncommon, that one may not pass it without noticing it. True, it is a circumstance, which, in connection with other facts, may have some tendency to prove notice. But, standing alone, its probative force is too weak to sustain the burden of proof, and justify a finding of actual notice, when met by the direct and positive denial of the person to whom notice is attempted to be proved. Very likely the jury would have so considered it, but for the fact that it was coupled with the alleged declarations of Wingate, which, as we have already seen, could not properly be used to prove notice. We assume that they were so used, because the

plaintiffs' counsel admit, in their argument before the law court, that they were relied upon for that purpose, and endeavor to justify the verdict of the jury upon the ground that they were properly so used.

We think the verdict is clearly wrong upon two points; first, in finding that the way was defective; and, secondly, in finding that the street commissioner, Wingate, had twenty-four hours actual notice of its condition before the accident occurred.

> *Motion sustained. New trial granted.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.