LEWIS M. HAINES *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion July 23, 1891.

*Way. Defect. Notice. Town. Stat. 1821, c. 118, § 17; 1825, c. 300, § 3; 1870, c. 147; 1874, c. 215; 1876, c. 97; 1877, c. 206; 1879, c. 156, § 3; R. S., c. 18, § § 52, 69.*

No action at common law lies against towns for injuries caused by a defective way. Such an action is the creature of the statute.

In such cases, a nonsuit is rightly ordered when it appears that the plaintiff has produced no legal evidence tending to show that the twenty-four hours' actual notice of the defect, or want of repair, had been given in compliance with the statute.

*Also*, when it appears from the testimony of the plaintiff himself, that "previous to the time of the injury," he had had notice of the "condition of the way," and had not, in compliance with the statute, assuming the way to be

defective, notified one of the municipal officers of the city of the defective condition thereof.

ON EXCEPTIONS.

This was an action brought against the city of Lewiston to recover damages sustained by reason of an alleged defective condition of one of its ways. The alleged defect is "that at a point in said highway and on a curve in said way, it was not made and kept of sufficient width to allow teams meeting each other to pass with safety." And "that large quantities of snow having previously fallen in said way at divers times during the winter, then just passing, the way had not been sufficiently and reasonably broken out, nor broken out of sufficient width to allow teams to pass and repass, and meet each other upon said way, and meet each other with safety." And "that no sufficient turnouts were made and kept at or near said point." And "that said point is situated upon a curve in said way and that there are obstructions between the two termini in said curve, so that a traveler entering upon one end of said curve is unable to see to the other end thereof, nor to know if he is likely to meet any other traveler upon said curve, so that to make said way safe and convenient to travelers it should have been provided with suitable turn-outs wide enough so that travelers could meet and pass each other with safety."

The evidence in the case showed that the road in question was a curved one, so located that one terminus could not be seen from the other, there being obstructions in the way, of trees and a bluff, which would prevent a traveler as he entered upon one end of the road from seeing whether other travelers were likely to meet him coming from the other direction; that there had been heavy and repeated falls of snow in the winter prior to the occurrence of the alleged injury; that the snow was about three feet deep at the time and place of the injury; that the road at that point was only about five and a half feet in width, and that it was in precisely the condition left by the agents of the city when they broke it open the last time prior to the accident, and that there were then no turn-outs whatever upon said curved way.

On the day in question, the plaintiff, in company with others driving teams, entered upon one end of this curved way, and having proceeded to within about forty rods of the other end of the curve, they there met a loaded team. There being no turn-outs, he and his companions were obliged to pass in the safest and most convenient manner they could devise. And in attempting to pass this loaded team, plaintiff's load was overturned and he was thereby injured.

At the conclusion of the plaintiff's testimony, the presiding justice ordered a non-suit " upon the ground that the municipal officers, highway surveyors, or road commissioners, of Lewiston did not have twenty-four hours' actual notice of the defect or want of repair." And also on the ground " that the plaintiff had notice of the condition of such way previous to the time of the injury, and had not previously notified one of the municipal officers of the defective condition of such highway."

It was admitted that the plaintiff had been for several days previously over the way in question while it was substantially in the same condition as it was at the time of the accident, and that he had not given any notice to any of the municipal officers of its condition.

*Savage and Oakes*, for plaintiff.

Lewiston had notice of the situation of the way and the general depth of the snow ; that the way was not sufficient or convenient without turn-outs. City estopped from setting up the defense of want of notice. Being caused by the city itself, it was not the kind of defect of which the statute intended the plaintiff to give notice. In *Holmes* v. *Paris*, 75 Maine, 559, this court held that when towns had left heaps and piles of dirt on the traveled way, it being their own act, they were estopped from claiming the statutory notice. The court said :  " This particular provision of the statute was intended for another class of cases. Its purpose is to allow a town a reasonable opportunity to remove a defect, after receiving information of its existence. Notice of a fact to a person who already knows the fact cannot be useful. There can be no good reason for a town to have information from others of its own acts. When the reason of the

law ceases, the law ceases." *Brooks* v. *Somerville*, 106 Mass. 271. The same reasoning applies to the second ground upon which the nonsuit was granted.

*Newell and Judkins*, for defendant.

It was the snow upon the side of the wrought way, and not the narrowness of the way that had been wrought, which constituted the defect if any existed. " Defect or want of repair " is defined in *Davis* v. *Bangor*, 42 Maine, p. 527, to be "either inert matter left incumbering the street, upon or over it, or structural defects, endangering the public travel." The surveyor did not place the snow there. Case distinguished from *Holmes* v. *Paris*. No officer named in the statute is connected with the alleged defect. None of them knew of the condition of the way at the time it was broken out last before the accident. The required notice must be of the particular defect which caused the injury. Notice of another defect, or the existence of a cause likely to produce the defect, is not sufficient, *Smyth* v. *Bangor*, 72 Maine, p. 252. Plaintiff assumes that the condition of the way at the time of the accident was the same as when the road was broken out. If the condition at the two times was not the same, there could be no notice at all within the rule he contends for.

VIRGIN, J. Action on the case to recover damages for a personal injury caused by the plaintiff's being thrown from his load of hay while attempting to pass another team, by reason of the alleged narrowness of the way.

No action lies at common law for an injury caused by a defective way. Our first legislature provided a statutory remedy giving " double damages " to one thus injured in his person or property, " in case the town had reasonable notice of the defect." St. 1821, c. 118, § 17. Soon afterward the quantum of damages was limited to "single damages only." St. 1825, c. 300, § 3. For well understood reasons, certain limitations and restrictions were imposed upon the general remedy : (1) by limiting the time within which an action might be commenced to "three years from the date of the injury." St. 1870, c. 147 ; and (2)

to "one year." St. 1874, c. 215. The same statute also required the person injured, as a condition precedent to the maintenance of his action, to give the municipal officers, within sixty days after the injury, written "notice of his claim for damages, specifying the nature of his injuries." St. 1874, c. 215. Subsequently the written notice was required to specify also "the nature and location of the defect." St. 1876, c. 97. The next year the "reasonable notice of the defect" before the injury was limited to "twenty-four hours' actual notice" on the part of the "municipal officers, highway surveyors or road commissioners;" and the time for giving the written notice after the injury was changed from "sixty" to "fourteen days." St. 1877, c. 206.

To meet a comparatively larger class of claims for damages by travelers who, by personal observation and use of the way were fully cognizant of its condition, an independent statute, with no allusion in terms to the existing law was enacted; which, after limiting the amount of damages recoverable to $2000, made use of the following sweeping, positive and peremptory language : "No person shall recover damages of any town or city, in any case, on account of injury to his person and property, by reason of such defect or want of repair, who has notice of the condition of such way previous to the time of injury, unless he has previously notified the municipal officers of such town or city, or some one of them, of the defective condition of such way." St. 1879, c. 156, § 3. Prior to this statute, notice to the highway surveyor would suffice. But a highway surveyor unlike municipal officers is not a general agent of the town, bound to keep all highways, even in his own district, safe and convenient at an unlimited cost. "His duty is limited and specific." He is simply to use, at his best discretion, what he can obtain in money and labor from the persons named on his list." *Ingalls* v. *Auburn*, 51 Maine, 352. *Field* v. *Towle*, 34 Maine, 405. Not infrequently the sum appropriated to his district by the municipal officers is not sufficient; and then he can do no more without the written consent of the municipal officers. R. S., c. 18, § 69. And this is probably one of the reasons which induced the enactment in 1879.

The plaintiff's injury occurred on March 1, 1888, when there were three feet or more of snow covered by a crust outside of the road as it was broken out.

His team consisted of 1175 pounds of hay on a rack mounted upon a set of double sleds hauled by one horse. It was next behind the foremost of six similar teams all travelling in the same direction. As they were about turning such a curve in the road as, together with an intervening bluff and trees, prevented the drivers seeing a team approaching from the opposite direction, they met an ox team loaded with logs. The sleds were three to four feet wide; and the road as broken out and travelled was five and one half feet in width, with no "turn-outs" in the vicinity to facilitate loaded teams passing each other without both going out into the deep snow.

When the foremost team met the ox team, they all stopped. After considerable exertion and the mutual assistance of the several drivers, the ox team was urged out of the travelled part of the road as far as practicable. And while attempting to pass the ox team, the plaintiff's load, by reason of his right sled-runners cutting down into the snow on the side opposite the ox team, tipped over to the right and he was thrown off on the left and severely injured by coming in contact with his rack or sled.

The narrowness of the beaten track with no "turn-outs" to facilitate the passing of loaded teams on a thoroughfare to and from the city of Lewiston, is the particular defect complained of in the declaration.

The statute imposes on every town and city the duty of so constructing and keeping in repair its highways, townways and bridges, that they shall be reasonably "safe and convenient for travelers with their horses, teams and carriages." R. S., c. 18, § 52. And when they are made so narrow as to be unsafe or inconvenient for such teams to pass as have occasion to travel over them, they may well be considered defective.

Assuming this way to have been thus defective; that the road commissioner, under whose direction it was so made and left several days before the accident had the twenty-four hours' actual

notice of the defect "which caused the injury;" and that the "fourteen days" notice in proper form was duly given after the injury,—still the plaintiff would not be entitled to recover, if he himself had notice of the condition of the way, unless he had previously notified some one of the municipal officers of the city of its defective condition.

The "twenty-four hours' actual notice of the defect" on the part of the municipal officers, highway surveyors or road commissioners, before the injury, must be proved, unless the defect in the case of towns is created by the surveyor while in the act of repairing the way, in which case no such independent notice is required. *Holmes* v. *Paris*, 75 Maine, 559. But when an injured person himself knows the condition of the way before he risks himself and team thereon, the law peremptorily declares in substance that he assumes the risk thereby incurred, unless he has previously notified the mayor or one of the aldermen of the city, who have the care and general management and oversight of its affairs, of its defective condition.

That the plaintiff had a full knowledge of the actual condition of this particular way, is not disputed. He himself testified that the injury happened on the morning of March 1, 1888; that he had hauled hay over it on the twenty-fourth, twenty-seventh and twenty-eighth days of the preceding February; that he "observed the road all winter was very narrow all along there;" and that he "did not notify anybody of its narrow condition."

It is urged that some of the general expressions used by the court in illustrating the point on which the decision in *Holmes* v. *Paris*, *supra*, was placed, are equally applicable to this case. But we do not so understand them. Another clause of the statute was under consideration in that case. There the very officer to whom notice was required, created the very defect at the time of the injury which was the subject of the notice. In this case there is no evidence that any one of the municipal officers to whom the statute declares previous notice shall be given, had any notice, whatever, of the condition of the way. The road commissioner had notice for he made the road. But an additional notice is required in this class of cases.

Another answer is : "It is a maxim not to be disregarded, that general expressions in every opinion are to be taken in connection with the case in which those expressions are found. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit where the very point is presented for decision. The reason is obvious. The question actually before the court is investigated with care and considered in its full extent. Other principles which may serve to illustrate it are considered in their relation to the case decided, but their possible bearing, in all cases is seldom completely investigated." Marshall, C. J., in *Cohens* v. *Virginia,* 6 Wheat. 399.

We are of opinion that the action is not maintainable for want of previous notice to the municipal officers of the condition of the way, and that the nonsuit was properly ordered.

*Exceptions overruled.*

PETERS, C. J., WALTON, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.