Marvin, J.
The defendant here filed her petition against the city of Cleveland, alleging the fact that the defendant is a municipal corporation; that it has a population of more than 350,000; that it has the sole care, supervision and control of all public .-treets, highways and sidewalks along the same within the said city; that it is charged with the duty of having such sidewalks properly constructed and in good repair, and of keeping the same from ice and snow in that part thereof; that one of the ordinances of said city requires it to have such sidewalks properly laid so that the surface thereto at all' points thereon shall coincide with a line “beginning at the curb line with the established grade, as determined by the chief engineer, thence extending to the street lines at right angles) to the curb lines with a rise of three-eighths (§) inch to the foot and no more.” That Euclid avenue is one of the principal streets of said city. That upon its sidewalks, many pedestrians travel during the day and evening; That a sidewalk along the side of said street was permitted to be maintained with an inclination of five-eighths (f) of an inch to the foot. That ice and snow were permitted to accumulate upon said sidewalk to such an extént that because' of such inclination of the sidewalk, it was dangerous for pedestrians to walk upon. That- the defendant had knowledge of such condition of the sidewalk, and plaintiff- without knowledge and without any fault upon her part was, on the 14th day of February, 1899. .whilewalking upon said sidewalk, caused-to-fall thereon; whereby she", was greatly injured and for which- she- prays to recover damages.
*66 An answer was filed to this petition, admitting the corporate capacity of the city and the fact that Euclid avenue is a public street in the same, and denying each of the other allegations' of the petition, and alleging that if the plaintiff was-injured, it was by reason of her own negligence.
When the case came on for trial, an objection was made-by the defendant to the introduction of any evidence on the part of the plaintiff, and this objection was sustained, the case-taken from the jury, and judgment entered for the defendant. To reverse this judgment, the present proceeding is prosecuted.
The question, then, for consideration here, is: Do the allegations of the petition set out a cause of action against the-defendant ?
If any negligence is charged on the part of the city, it is-because that it permitted snow and ice to accumulate on the-sidewalk, and to allow the sidewalk to have an inclination of two-eighths (2-8) of an inch to the foot greater than provided by its own ordinance.
In the case of Chase v. City of Cleveland, 44 Ohio St., 505, the syllabus reads:
“In a suit against a municipal corporation to recover for injuries occasioned by falling upon a slippery sidewalk, allegations in the petition which aver that the defendant is a city of the first class; that the street where the accident occurred is a public highway within the corporate limits; that upon a sidewalk in front of the property of a private owner, the city negligently suffered ice and frozen snow to accumulate, and for a number of days to be beaten smooth and slippery, and for that reason dangerous to those passing along it, ánd to so remain for some days, of which condition the city had 01” might have informed itself in time to have made the sidewalk safe before accident, are not sufficient to show negligence.”
This, then, clearly limits the negligence on the part of the-city, charged in the petition in this case, to the fact that the city had an inclination of two-eighths (2-8) of an inch to the-foot greater than provided for in its ordinance.
The case of Brestch v. City of Toledo, reported in 1 Nisi' Prius 210, was decided by Judge Pugsley of the court of com— *67 mon pleas of Lucas county. The case was very much like the- present one. The demurrer to the petition was sustained. The judge who made the ruling is. recognized as one of the most able in the state, and his reasoning seems to us satisfactory. See also Stanton v. Springfield, 12 Allen 566; and Gilbert v. Roxbury, 100 Mass., 185.
In re Mary Hutchins.
Johnson ¿I Hackney, for Plaintiff.
Hogsett, Beacom, Excell, Gage & Carey, for Defendant.
There was no error in excluding evidence under this petition,