### ANNA STAMBERGER V. CLEVELAND.

ICE AND SNOW—INCLINE OF SIDEWALK.

In an action against a municipal corporation to recover for injuries sustained by falling upon a slippery sidewalk, evidence on the part of the plaintiff was properly excluded where the only negligence charged was that the city permitted ice and snow to accumulate on a sidewalk to such an extent that because of an inclination of two-eighths of an inch to the foot greater than that provided for in its ordinance that the sidewalk became dangerous to pedestrians.

HEARD ON ERROR.

*Johnson & Hackney*, for plaintiff.
*Hogsett, Beacom, Excell, Gage & Carey*, for defendant.

MARVIN, J.

The plaintiff here filed her petition against the city of Cleveland, alleging the fact that the defendant is a municipal corporation; that it has a population of more than 350,000; that it has the sole care, supervision and control of all public streets, highways and sidewalks along the same within the said city: that it is charged with the duty of having such sidewalks properly constructed and in good repair, and of keeping the same free from ice and snow in that part thereof greatly frequented upon and along its most public streets; that one of the ordinances of said city requires it to have such sidewalks properly laid so that the top surface thereof, on points thereon, coincide with a line "beginning at the curb line with the established grade, as determined by the Chief Engineer, thence extending to the street lines at right angles to the curb lines with a rise of three-eighths inch (⅜) to the foot and no more." That Euclid avenue is one of the principal streets of said city: That upon its sidewalks many pedestrians travel during the day and evening: That a sidewalk along the side of said street was permitted to be maintained with an inclination of five-eighths of an inch to the foot. That ice and snow were permitted to accumulate upon said sidewalk to such an extent that because of such inclination of the sidewalk, it was dangerous for pedestrians to walk upon. That the defendant had knowledge of such condition of the sidewalk, and plaintiff without knowledge and without any fault upon her part was, on February 14, 1899, while walking upon said sidewalk, caused to fall thereupon, whereby she was greatly injured and for which she prays to recover damages.

An answer was filed to this petition, admitting the corporate capacity of the city, and the fact that Euclid avenue is a public street in the same, and denying each of the other allegations of the petition, and alleging that if the plaintiff was injured, it was by reason of her own negligence.

When the case came on for trial, an objection was made by the defendant to the introduction of any evidence on the part of the plaintiff, and this objection was sustained, the case taken from the jury, and judgment entered for the defendant. To reverse this judgment, the present proceeding is prosecuted.

The question, then, for consideration here, is: Do the allegations of the petition set out a cause of action against the defendant?

If any negligence is charged on the part of the city, it is because it permitted snow and ice to accumulate on the sidewalk, and to allow the sidewalk to have an inclination of two-eighths of an inch to the foot greater than provided by its own ordinance.

In Chase v. Cleveland, 44 Ohio St., 505 [9 N. E. Rep., 225; 58 Am. Rep., 843], the syllabus reads:

" In a suit against a municipal corporation to recover for injuries occasioned by falling upon a slippery sidewalk, allegations in the petition which aver that the defendant is a city of the first class; that the street where the accident occurred, is a public highway within the corporate limits; that upon a sidewalk in front of property of a private owner, the city negligently suffered ice and frozen snow to accumulate, and for a number of days to be beaten smooth and slippery, and for that reason dangerous to those passing along it, and to so remain for some days, of which condition the city had or might have informed itself in time to have made the sidewalk safe before the accident, are not sufficient to show negligence."

This, then, clearly limits the negligence on the part of the city, charged in the petition in this case, to the fact that the city had an inclination of two-eighths of an inch to the foot greater than provided in its ordinance.

The case of Bretsh v. Toledo, 1 Dec., 96 (1 N. P., 210), was decided by Judge Pugsley of the court of common pleas of Lucas county. The case was very much like the present one. The demurrer to the petition was sustained. The judge who made the ruling, is recognized as one of the most able in the state, and his reasoning seems to us satisfactory. See also Stanton v. Springfield, 12 Allen, 566; and Gilbert v. Roxbury, 100 Mass., 185.

There was no error in excluding evidence under this petition.