WILLIAM E. DYER *vs.* SOUTH PORTLAND.

Cumberland.   Opinion October 6, 1913.

*Agents.   Catch-basins.   Drainage.   Intention.   Legislature.   Municipal Duties.
Revised Statutes, Chapter 21, Section 18.   Servants.   Sewer.   Repair.*

1   A town is not liable under R. S., chap. 21, sect. 18, for damages caused
    by surface water, which is prevented from entering a sewer by the clogged
    and obstructed condition of catch-basins, and which in consequence flows
    upon adjoining land and does damage.

2.  Surface water is not entitled to passage through a sewer, within the
    meaning of R. S., chap. 21, sect. 18.

3.  Whether, in the absence of a statute, there would be a common law
    liability to one who had paid for the privilege of entering a sewer, for
    failure to keep catch basins open so that surface water may flow into them
    is not decided.   There is a statutory provision in this State for liability
    in general, and that liability must be regarded as exclusive of all others.

On motion and exceptions by the defendant. Exceptions sustained. Motion for a new trial sustained.

This is an action on the case to recover damages alleged to have been sustained by the plaintiff, by reason of the failure of the defendant to maintain and keep in suitable repair a certain sewer, to which the plaintiff was connected; in consequence of the defective condition of said sewer, it became obstructed and the water which should have passed into and through the sewer flowed into the plaintiff's cellar, causing the damage complained of.

The plea is the general issue. The jury returned a verdict for the plaintiff for $297.00. The defendant filed a general motion for a new trial and had exceptions to various rulings by the presiding Justice.

The case is stated in the opinion.

*Gurney, Sturgis & Chaplin,* for plaintiff.

*Reynolds & Sanborn, and Scott Wilson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J. Action on the case for failure to maintain and keep in repair a certain sewer, whereby it became obstructed, was not usable, and did not carry off the drainage entitled to pass through it, in consequence of which water which should have passed into and through it flowed into the plaintiff's cellar, doing damage. While three of the four counts in the writ charge a failure to properly maintain and keep in repair the sewer, in general terms, the case shows that the specific complaint is that the defendant permitted certain catch-basins connected with the sewer proper to become so clogged with dirt, snow and ice, that the surface water flowing in the street and gutters could not flow into the sewer, with the result that it flowed into the plaintiff's cellar. The trouble arose on the occasion of a very severe rain-fall in winter.

The plaintiff had a verdict, and the case comes before us on the defendant's motion for a new trial, and exceptions to various rulings by the presiding Justice.

The defense is two fold: First, that the city was not bound to keep the catch-basins open for the reception of surface water, and is under no legal liability for failure to do so; secondly, that, even if the law be otherwise, the damage was due, not to the condition of the catch-basins, but to the insufficient size of the sewer as originally planned and built; in other words, that the sewer was already full, and could not have received the surface water, if the catch-basins had been opened.

As we view the case, it will be necessary only to determine the merits of the first ground of defense.

It may be said at the outset that towns, which are merely subdivisions of the State, are not in general liable for the defaults or negligence of their agents and servants in the performance of municipal or public duties which they perform as agencies of the State, unless the liability is created by statute. *Mitchell* v. *Rockland*, 52 Maine, 118; *Frazer* v. *Lewiston*, 76 Maine, 531; *Bulger* v. *Eden*, 82 Maine, 352. Whether in case there were no statute of liability, the same rule of non-liability would apply to the care of sewers, for which individuals have paid for the privilege of entering, we need

not consider, for there is a statute. So that whether the maintenance and repair of sewers lawfully constructed is strictly a municipal and public duty, or not, *Allen* v. *Boston,* 159 Mass., 324; *Bates* v. *Westborough,* 151 Mass., 174, we think there is no liability upon a town for a failure to perform this duty when a liability is fixed by statute, except such as is given by the statute. The statutory provision for liability in this State, we think, must be regarded as exclusive of others. We think the Legislature intended to cover the whole subject. And because the extent of such a liability depends upon the construction of our own statute, the decisions of other courts respecting municipal liability afford but little assistance in determining what is the law here.

The plaintiff here relies upon section 18, chapter 21, of the Revised Statutes, which reads as follows: "After a public drain has been constructed and any person has paid for connecting with it, it shall be constantly maintained and kept in repair by the town, so as to afford sufficient and suitable flow for all drainage entitled to pass through it. . . . If any town does not so maintain and keep it in repair, any person entitled to drainage through it may have an action against the town for his damages thereby sustained."

The case shows that the sewer in question was lawfully constructed, that some persons had paid for connecting with it, and that the plaintiff was entitled to drainage through it. There is no dispute as to the formal prerequisites to a suit.

It is not claimed that a town is bound, when it undertakes to build a sewer, to construct catch-basins to carry off the surface water, nor is it denied that when a catch-basin has once been constructed, the town may disconnect it from the sewer, and remove it. *Collins* v. *Waltham,* 151 Mass., 196. But the plaintiff contends that when it has been built and while it remains connected with the sewer, it is a part of the sewer which the town is bound to maintain and keep in repair, and that surface water, under such conditions, is "drainage entitled to pass through it."

In the first place it is not easy to see why a town should be liable for failure to keep in repair a catch-basin which it may lawfully abandon and remove. But if we assume the correctness of the contention that a catch-basin while it remains is part of a sewer to be kept in repair, we are then face to face with the decisive issue in the

case. It hinges upon the legislative meaning of the phrase "drainage entitled to pass through it."

It is, of course, undeniable that towns may construct catch-basins for a lawful purpose, entirely disconnected from the protection of abutting owners from surface water. They may do so for the protection of the ways, which they are bound to maintain and keep in repair. So that the fact that the construction of a catch-basin is lawful and authorized does not necessarily lead to the conclusion that the town by constructing it comes under a duty to owners of land connected with the sewer to keep it open for surface water.

Now what is the statutory duty of the town, for failure in the performance of which the town is made liable? It is to maintain a sewer so as to afford sufficient and suitable flow for "all drainage entitled to pass through it." Did the Legislature mean to make towns which have catch-basins liable for failure to keep them in such condition that surface water can pass through them into the sewer, or merely for failure to keep the sewer proper, within the limits of its capacity, in such condition that drainage or sewage from lands of persons who have paid to connect with it may pass through it? In the first place, is surface water "drainage" within the meaning of the statute? The term itself affords no certain indication. Drainage, doubtless, includes sewage, and it may mean more. What the Legislature intended it to mean in this instance must be gathered from the context and the general purposes of the statute.

Assuming that the word drainage may in a proper connection include surface water, the question is, does it mean so here? The statute does not say that the town must maintain the sewer so as to afford passage to all drainage, but only to such drainage as is "entitled" to pass through it. Under what circumstances is drainage *entitled* to passage through a sewer? And what drainage is entitled? Going back over the sections previous to section 18 in chapter 21, we find that section 2 provides in the most general terms for the construction of sewers. Sections 3 and 4 relate to the taking of land and the assessment and payment of damages therefor. Then follow sections 5 to 14 inclusive, and 16 and 17 (section 15 is immaterial), and altogether they prescribe how an adjoining land owner may become entitled to connect with a sewer, what assessments he

must pay, upon what terms he may become entitled to a permit, how the price he must pay for a permit is fixed originally or on appeal, and how he may be punished if he connects with the sewer without a permit, or if he violates the conditions of his permit. These sections relate to nothing else. They are concerned only with the machinery by which the abutter may become entitled to connect with the sewer so that he can flow his drainage or sewage, whichever it be called, from his land to the sewer. Not in the remotest degree is there any reference to any other drainage. Then follows the language of section 18: After a public drain has been constructed and any person has paid for connecting with it, it must be maintained so as to afford a flow for all drainage *entitled* to pass through it. We think the conclusion is almost irresistible that by the use of this phrase in this connection the Legislature meant, merely, all drainage which was entitled to passage through the sewer upon compliance with the provisions of the preceding sections respecting permits, connections and payments. When an abutter has paid an assessment, or has received a permit and has connected with the sewer, he is entitled to have *his* drainage pass through it, and the town is bound to keep the sewer in such repair, up to its limit of capacity, that his drainage, so entitled, may pass through it.

We hold therefore that a town is not liable under R. S., ch. 21, sect. 18, for damages caused by surface water, which is prevented from entering a sewer by the clogged and obstructed condition of catch-basins, and which in consequence flows upon adjoining land and does damage. The rulings to which exceptions were taken were not conformable to this view, and the exceptions must be sustained. The action is not maintainable, and therefore the verdict for the plaintiff must be set aside.

*Exceptions sustained.*
*Motion for a new trial sustained.*