MAUDE VERREAULT
*vs.*
CITY OF LEWISTON

Androscoggin.   Opinion, March 16, 1954.

*Armand A. Dufresne, Jr.,* for Plaintiff.
*Irving Friedman,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

MERRILL, C. J.   On report.   This is an action against the city of Lewiston to recover for personal injuries received by the plaintiff occasioned by a fall which she suffered while proceeding on foot on the sidewalk at the corner of Cedar and Lincoln Streets in said city.   The plaintiff fell in attempting to step over a substantial ridge or accumulation of snow located *on the sidewalk* near the curb where said sidewalk and one end of the cross-walk over which she had travelled joined.   The defendant, through its agents, in plowing the streets about a week before had pushed a large quantity of snow onto the sidewalk adjacent to the cross-walk.   This snow hardened and made a substantial ridge or accumulation of snow over which pedestrians who desired to enter the sidewalk from said crosswalk had to travel.

The declaration contained two counts.   By the first count the plaintiff sought to recover under the provisions of R. S. (1944) Chap. 84, Sec. 88 on the ground that she received bodily injury through a defect in the highway, to wit, the sidewalk.   This count was founded on the theory that the ridge of snow on the sidewalk constituted a defect in the sidewalk.   In the agreed statement of facts the statutory requirements as to notice under said section are not questioned and are not in issue.   The second count in the declaration is based on the claim that the ridge of snow constituted a public nuisance within the meaning of R. S. (1944), Chap. 128, Sec. 7 and that, if so, she was entitled to recover under Section 16 of said Chapter 128.

The defendant says that even if said ridge of snow constituted a defect in the highway or if it constituted a public nuisance, it has a valid defense to this action by virtue of R. S. (1944), Chap. 84, Sec. 91 which reads as follows: "No town is liable to an action for damages to any person

on foot, on account of snow or ice, on any sidewalk or cross-walk, nor on account of the slippery condition of any sidewalk or cross-walk."

The plaintiff's declaration and the agreed statement of facts clearly disclose that the plaintiff's only claim of liability on the part of the defendant is because she was injured by a ridge of snow on the sidewalk. The plaintiff although admitting that she was injured by the ridge of snow contends that said Section 91 "does not apply to an artificial accumulation of snow placed in the way by the municipality, but only applies where the injuries are caused from a natural accumulation of snow and ice on sidewalk and cross-walk."

Section 91 is plain, clear, and unambiguous. It says "No town is liable to an action for damages to any person on foot, on account of snow or ice, on any sidewalk or cross-walk,". The plaintiff, however, quotes a statement by Judge Walton in *Smyth* v. *Bangor*, 72 Me. 249, at pages 250 and 251 when he said:

"A block of ice may constitute a defect the same as a block of wood or stone. So a ridge or hummock of ice, or snow, may constitute a defect the same as a pile of lime, or sand, or mortar, upon the sidewalk would."

This statement by Judge Walton is from an opinion in an action to recover for *injuries received* and in an *action commenced prior* to the enactment of the original law which is now R. S. (1944), Chap. 84, Sec. 91. The injuries suffered in *Smyth* v. *Bangor* were received on December 9, 1878 and the writ to recover therefor was dated February 7, 1879. Section 91 of Chapter 84 of the Revised Statutes as originally enacted is Section 2 of Chapter 156 of the Public Laws of 1879, approved March 3, 1879. This date is subsequent both to the date of the accident and the date of the writ in *Smyth* v. *Bangor*. The effect of the statute was

neither in issue in the case nor was it under discussion in that opinion.

Whatever may be the character of a ridge of ice or snow in a roadway, as distinguished from a sidewalk, as a defect therein, if the same be created by act of those having charge of the streets and allowed to remain therein, R. S. (1944), Chap. 84, Sec. 91 relieves a municipality from liability to an action for damages to any person on foot, on account of snow or ice, on any sidewalk or cross-walk. This exemption is unrestricted, is absolute and there is no exception contained therein or thereto. We are unable to discover any case in our reports, prior to the instant case, where anyone has even sued a *town* or *city* to recover damages for injuries on account of snow or ice on a sidewalk or cross-walk since the original enactment of the provisions of this statute in 1879. While not conclusive, such absence even of attempts to recover therefor is persuasive of the practical construction which has been given to this statute through the years. The absence of such claim while not conclusive is strong evidence against any such right as the plaintiff sets up in this case. See *Bean and Land Co.* v. *Power Co.,* 133 Me. 9 at 24, and *Fuller* v. *Chicopee Mfg. Co.,* 16 Gray 43.

The rights of the travelling public and the liability of the municipality with respect to injuries caused by defects in highways are limited by the scope of the statute. Independent of the statute there is no liability whatever on the part of municipalities for injuries caused by defective highways. The liability is a creature of the statute, and it does not extend beyond the express provisions. *Wells* v. *Augusta,* 135 Me. 314, *McCarthy* v. *Leeds,* 116 Me. 275, *Huntington* v. *Calais,* 105 Me. 144.

It being true that there is no right of action for injuries caused by a defect in a highway unless the same be granted by statute, it is axiomatic and needs no citation of authorities to demonstrate that there can be no right of action

under circumstances where the statute expressly denies the same. Such is the case here.

. Neither can the plaintiff predicate liability on the part of the defendant city under R. S. (1944), Chap. 128, Sec. 16, on the theory that the ridge of snow constituted a public nuisance from which she suffered special injury.

The provisions of R. S. (1944), Chap. 84, Sec. 91 are, "No town is liable to an action for damages to any person on foot, on account of snow or ice, on any sidewalk or cross-walk,". As heretofore stated, this provision of the statute is all inclusive. It contains no exceptions. Its effect cannot be avoided even if the snow or ice on a sidewalk constitutes a public nuisance. This statute affords an absolute defense to the plaintiff's action to recover for injuries caused by the ridge of snow on the sidewalk, whether the same constituted a defect or a nuisance or both.

The plaintiff, however, urges one further ground upon which she seeks to escape the effect of Section 91. It is her contention that R. S. (1944), Chap. 84, Sec. 91, if applicable, is unconstitutional. She alleges that it denies to her equal protection of the laws, in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States, and the guaranties under Section 1 of Article I of the Constitution of this State. Neither of these contentions can be sustained.

The rules and authorities governing permissible discrimination under Section 1 of Article I of the Constitution of this State and Section 1 of the Fourteenth Amendment to the Constitution of the United States have recently been examined and declared by this court in *State of Maine* v. *King,* 135 Me. 5. In the opinion in that case are to be found many applicable quotations not only from the decisions by this court but also from those by the Supreme Court of the United States. See *State of Maine* v. *King,* 135 Me.

5, Pages 16 to 19, both inclusive. To repeat them in detail would serve no useful purpose. Of the cases cited and quoted we would call attention to the following as setting forth the law applicable to this case. In *State of Maine* v. *Latham,* 115 Me. 176 at 178 we said:

"It (meaning the Fourteenth Amendment) forbids what is called class legislation. * * * In a word, discrimination as to legal rights and duties is forbidden. All men under the same conditions have the same rights. Diversity in legislation to meet diversities in conditions is permissible. But if in legislative regulations for different localities, classes and conditions are made to differ, in order to be valid, 'these differentiations or classifications must be reasonable and based upon real differences in the situation, condition or tendencies of things. Arbitrary classification of such matters is forbidden by the Constitution. If there be no real difference between the localities, or business, or occupation, or property, the State cannot make one in order to favor some person over others.' "

As said by the Supreme Court of the United States in *City and County of Denver et als.* v. *New York Trust Co. et al.,* 229 U. S. 123, 33 S. Ct. 657, 666, 57 L. Ed. 1101, 1124: "The equal protection clause is directed only against arbitrary discrimination; that is, such as is without any reasonable basis." Furthermore, the burden of showing that a law is unconstitutional is upon him who asserts it. This burden extends to showing that a classification is arbitrary. See *Borden's Farm Products Co., Inc.* v. *Baldwin, Comm.,* 293 U. S. 194, 209, 210, 79 L. Ed. 281, 288, 289, *Middleton* v. *Texas Power & Light Co.,* 249 U. S. 152, 63 L. Ed. 527.

The plaintiff contends that because, as she says, persons on foot have the right to travel the highways either on the sidewalks or in the roadway, Section 91 discriminates arbitrarily between persons on foot using the sidewalks and those on foot using the roadway. This distinction between

those on foot using sidewalks and cross-walks and those on foot using the roadway is not arbitrary. It is referable to the differences necessarily encountered in maintaining sidewalks and cross-walks as distinguished from the roadway of highways. The physical management and handling of the maintenance problems with respect to snow and ice on sidewalks and cross-walks as distinguished from that portion of the wrought portion of the highway which we may for convenience call the roadway are entirely different.

Even though the roadway may, subject to some limitations, be used by persons on foot (see R. S. (1944) Chap. 19, Sec. 118 A; P. L. 1949, Chap. 143), that which might be a defect in a sidewalk intended principally for the use of persons on foot might not constitute a defect in the roadway intended principally for vehicular traffic. The denial of recovery to persons on foot for injuries caused by snow and ice or the slippery condition of sidewalks or cross-walks is not an arbitrary discrimination between those persons on foot using sidewalks and cross-walks and those persons on foot using other parts of the highway. It is a distinction based upon the nature of the problems of maintenance of the different portions of the way due to the principal and primary use thereof.

Under R. S. (1944), Chap. 84, Secs. 88 and 91 the right of every person on foot to recover for defects in sidewalks and cross-walks maintained by the city or town is exactly the same as that of every other person on foot using such portions of the highway. The same is true of the denial of the right of recovery for damages caused by snow and ice on sidewalks and cross-walks. There is entire equality between all persons on foot using sidewalks and cross-walks. There is equality between them in their right to recover for defects, and there is equality between them in the denial of said rights.

As we have seen, at common law there was no right of action against a town or city for injuries caused by defects in highways. The State in granting a right of recovery for defects in highways can make the right granted as broad or as narrow as it sees fit. It can restrict its grant of such right of recovery with respect to the nature of the defects, the portion of the highway in which the defects may be found for which liability is granted, or the class of travellers to which the right of recovery is given. The only limitation thereon is that the limitation must not be arbitrary and that there must be equality of right to all persons similarly situated. Tested by this rule, as we have heretofore seen, this statute measures up to the standard of equality before the law which is required by the Constitutions of this State and of the United States.

In accord with the terms of the report judgment must be for the defendant without costs. The entry will be,

*Judgment for the defendant without costs.*