ANNIE E. DUGAN
*vs.*
CITY OF PORTLAND

Cumberland.   Opinion, November 3, 1961.

*Julian G. Hubbard,* for plaintiff.

*Robert W. Donovan, Asst. Corp. Counsel,*

for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN DUBORD, SIDDALL, JJ.

WEBBER, J.   Plaintiff appeals from dismissal of her complaint.   She alleged that she tripped over spikes protruding from a railroad tie used as a retaining wall in a sidewalk maintained by the defendant municipal corporation.   She alleges that this condition constituted a nuisance and seeks recovery under the nuisance statute.   R. S., Ch. 141, Sec. 6.

R. S., Ch. 96, Sec. 89 provides a remedy for one situated as was this plaintiff.   The statute provides in part:

"Whoever receives any bodily injury * * * through any defect or want of repair or sufficient railing in

any highway, townway, causeway or bridge may recover for the same in a special action * * * to be commenced within 1 year from the date of receiving such injury * * * , of the * * * town obliged by law to repair the same, if the * * * municipal officers or road commissioners of such town * * * had 24 hours' actual notice of the defect or want of repair; but not exceeding $4,000 in case of a town; and if the sufferer had notice of the condition of such way previous to the time of the injury, he cannot recover of a town unless he has previously notified one of the municipal officers of the defective condition of such way; and any person who sustains injury or damage as aforesaid or some person in his behalf shall, within 14 days thereafter, notify one of the * * * municipal officers of such town by letter or otherwise, in writing, setting forth his claim for damages and specifying * * * the nature and location of the defect which caused such injury."

It is apparent that the plaintiff was unable to show compliance with this statute and she has abandoned any claim under it. The issue is then whether or not one who is injured by reason of a defect in a town way may escape the rigorous and limiting requirements of R. S., Ch. 96, Sec. 89 by denominating the defect as a nuisance and seeking recovery under the provisions of the nuisance statute.

As was stated in *Verreault* v. *Lewiston,* 150 Me. 67, 70:

"The rights of the traveling public and the liability of the municipality with respect to injuries caused by defects in highways are limited by the scope of the statute. Independent of the statute there is no liability whatever on the part of municipalities for injuries caused by defective highways. The liability is a creature of the statute, and it does not extend beyond the express provisions." The "statute" referred to was the highway defect statute, now R. S., Ch. 96, Sec. 89. At page 74 the court added: "As we have seen, at common law there was no right of action against a

town or city for injuries caused by defects in highways. The State in granting a right of recovery for defects in highways can make the right granted as broad or as narrow as it sees fit." Maine has always adhered to the rule followed by the New England states and others that the repair and regulation of public streets is a governmental duty and that no liability for highway defects exists at common law. See *Bouchard* v. *City of Auburn*, 133 Me. 439. We have, therefore, adhered strictly to the rule that "the liability of cities and towns for damages sustained by travelers by reason of defects in highways is created solely by the legislature and all of the conditions and limitations upon which the remedy is granted must be strictly observed as prescribed by the statute." *Huntington* v. *Calais*, 105 Me. 144, 145; *Morneault* v. *Inhabs. Town of Hampden*, 145 Me. 212, 214; McQuillin on Municipal Corporations, 3d Ed., Vol. 19, p. 20, sec. 54.04.

What the court said in construing the statute relating to municipal liability for failure to keep public drains in repair in *Dyer* v. *South Portland*, 111 Me. 119, 121, has equal application here. "The statutory provision for liability in this State, we think, must be regarded as exclusive of others. We think the Legislature intended to cover the *whole subject*." (Emphasis ours.) We are satisfied that the highway defects statute was intended to cover the "whole subject" and provided the sole and exclusive remedy in such a case as the one presented here.

Although the highway defect statute provides a remedy, it also offers some protection to the municipalities who may be charged with violation. A municipality would be deprived of all of the safeguards provided by the statute if it were rendered vulnerable to an action based upon nuisance. Basing its decision upon just such considerations, the Massachusetts court in *Whalen* v. *Worcester* (1940), 307 Mass. 169, 29 N. E. (2nd) 763, 767, first defined a defect as

"anything that renders the way inconvenient or unsafe for ordinary travel." The court noted that defects would include "conditions appearing upon the surface of the way" as well as "obstructions overhanging the way and * * * structures and objects that may fall on or in the way." Turning its attention to the highway defects statute which was very similar to our own, the court concluded that "it was intended to be an exclusive remedy" and added: "The legislative intent cannot be thwarted *by calling the defect a nuisance*, by declining to give the required notice, by bringing suit any time within six years or by seeking to recover damages far in excess of those fixed by the statute." (Emphasis ours.)

Reaching the same conclusion in a case involving a water shut-off or stop-box projecting above the surface of a sidewalk, the Wisconsin Court held that "a city is not liable *as for a nuisance* for the failure to discharge the duty imposed upon it to maintain the streets in a reasonably safe condition for travel as required" by the statute. (Emphasis ours.) The court was satisfied, as are we, that "the extent of (the municipality's) duty in that regard is fixed by the statute." *Lindemeyer* v. *City of Milwaukee* (1942), 241 Wis. 637, 6 N. W. (2nd) 653, 656. The plaintiff's complaint described a highway defect. The plaintiff could not avoid the "conditions and limitations" of R. S., Ch. 96, Sec. 89 by terming such a defect a nuisance.

*Appeal denied.*