Mark STICKNEY

v.

CITY OF PORTLAND.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1991.
Decided Dec. 23, 1991.

David P. Chamberlain (orally), Ainsworth & Thelin, P.A., South Portland, for plaintiff.

Donna M. Katsiaficas (orally), Office of Corp. Counsel, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Plaintiff Mark Stickney appeals from the dismissal of his complaint against defendant City of Portland by the Superior Court (Cumberland County, *McKinley, A.R.J.*) pursuant to M.R.Civ.P. 12(b)(6). On appeal, Stickney contends that the failure to maintain or replace a stop sign is a highway defect within the meaning of the Highway Liability for Damages Act for which the City is responsible. We disagree and affirm the judgment of the Superior Court.

The material allegations are set forth in Stickney's complaint, which for the purposes of a Rule 12(b)(6) motion to dismiss must be taken as admitted. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.11 at 248 (2nd ed. 1970). The facts are summarized as follows: In March 1990, Stickney drove through the intersection of Pitt and Deering Streets in Portland and collided with another vehicle. Deering Street traffic has the right of way, and traffic entering it from Pitt Street is controlled by a stop sign. Stickney did not stop at the intersection because the stop sign was down and the City had failed to restore it after notice. Stickney suffered personal injuries and property damage as a result of the accident.

Stickney filed a complaint against the City seeking relief based on the Highway Liability for Damages Act, 23 M.R.S.A. §§ 3651–3659 (1980 & Supp.1990).[1] The City filed a motion to dismiss based on a failure to state a claim and the court dismissed the complaint. The court held that a missing stop sign is not a highway defect within the meaning of the statute.

Section 3655 authorizes recovery from a county or town by any person who receives bodily injury or property damage "through any defect or want of repair or sufficient railing in any highway, town way, cause-

---

1. Stickney's complaint also requested relief based on the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1990). On appeal Stickney concedes that his claim is barred under the Tort Claims Act.

way or bridge." Stickney argues that section 3655, interpreted in conjunction with the general purpose of the highway defect statute stated in section 3651, to keep highways "safe and convenient for travelers," requires the court to find that a missing stop sign is a highway defect.

■ Liability for highway defects is a creature of statute and therefore does not extend beyond the express statutory conditions. *See Dugan v. City of Portland*, 157 Me. 521, 174 A.2d 660 (1961); *McCarthy v. Town of Leeds*, 116 Me. 275, 101 A. 448 (1917). Whether the Legislature intended the Highway Liability for Damages Act to provide a right of action for missing street signs must be gathered from the context of the language and the general purposes of the statute. Section 3655's right of action and statutory liability relates to the keeping of highways in repair. Contrary to Stickney's assertion, this provision does not deal with the placement of traffic-control signs or devices. Moreover, statutory exceptions to the general rule of governmental immunity, such as section 3655, must be narrowly construed. *See Hodgdon v. State*, 500 A.2d 621, 624 (Me.1985). The word "highway" narrowly construed is not commonly understood to include street signs. Stickney's construction of section 3655 would extend its operation beyond its express language and in contravention of the plain meaning of statutory terms.

The entry is:

Judgment affirmed.

All concurring.